**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| United States of America,<br><br>                  Plaintiff,<br>vs.<br><br>Samuel Antone Johnson,<br><br>                  Defendant. | No. CR 08-00136-PHX-FJM<br>(Supervised Release Violation)<br><br>FINDINGS AND RECOMMENDATION<br>OF THE MAGISTRATE JUDGE<br>UPON AN ADMISSION AND ORDER |

TO THE HONORABLE FREDERICK J. MARTONE, UNITED STATES DISTRICT JUDGE:

Upon Defendant's request to enter an admission to the violation(s) of supervised release, pursuant to Rule 57.6(d)(4) of the Local Rules of Criminal Procedure, this matter was referred by the District Court and came on for a hearing before United States Magistrate Judge Steven P. Logan on May 8, 2012, with the written consents of the Defendant, counsel for the Defendant, and counsel for the United States of America.

In consideration of that hearing and the statements made by the Defendant under oath on the record and in the presence of counsel, and the remarks of the Assistant United States Attorney and of counsel for Defendant,

**I FIND** as follows:

(1) that the Defendant understands the nature of the supervised release violation(s) alleged and the nature of the violation to which the Defendant is admitting;

(2) that the Defendant understands the right to a revocation hearing, to persist in denials, to the assistance of counsel at a revocation hearing, to confront and cross-examine adverse

witnesses, and the right against compelled self-incrimination;

(3) that the Defendant understands the maximum disposition for the supervised release violation; the Defendant also understands that the disposition guidelines are advisory only and that the District Judge may depart from those guidelines under some circumstances;

(4) that the Defendant's admission to violating supervised release has been knowingly, intelligently and voluntarily made and is not the result of force or threats;

(5) that the Defendant is competent to admit to a supervised release violation;

(6) that the Defendant understands that by admitting to violation(s) of supervised release the Defendant waives the right to a revocation hearing;

(7) that there is a factual basis for the Defendant's admission; and

(8) that the Defendant is satisfied with counsel's representation.

**I RECOMMEND** that the Court accept the Defendant's admission of the violation(s) of supervised release.

## ORDER

**IT IS ORDERED** that any objection to the admission to a violation of supervised release proceedings and any request for supplementation of those proceedings be made by the parties in writing and shall be specific as to the objection or request made.  All objections or requests for supplementation shall be filed within fourteen (14) days of the date of service of a copy of these findings unless extended by an Order of the assigned District Judge.

**IT IS FURTHER ORDERED** that any letters, documents, or other matters Defendant would like the assigned District Judge to consider before disposition (including the English translation of any writings not in English) must be submitted in paper form with the original to the probation office and copies to the assigned District Judge and opposing counsel no later than seven (7) business days prior to the disposition date or they may be deemed untimely by the assigned District Judge and not considered.

**IT IS FURTHER ORDERED** that any motions for upward or downward departures or any disposition memoranda must be filed at least seven (7) business days prior to the disposition date.  Responses are due three (3) business days prior to the disposition date.  Any motion to

continue disposition must be filed promptly upon discovery of the cause for continuance and must state the cause with specificity.  Motions to continue disposition filed less than fourteen (14) days before disposition are disfavored.

Dated this 10th day of May, 2012.

_____
Steven P. Logan
United States Magistrate Judge